RONALD J. TENPAS                                    JS-6
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ELIZABETH F. KROOP
D.C. Bar No: 943795
E-Mail: Elizabeth.Kroop@usdoj.gov
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
PO Box 7611
Washington, DC 20044
Telephone: (202) 514-5244
Facsimile:  (202) 514-5283

THOMAS P. O'BRIEN
United States Attorney
Central District of California

LEON W. WEIDMAN
Chief, Civil Division
United States Attorney
Central District of California

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CV 08 -07124 SJO (CTx) |
| v. | CONSENT DECREE |
| BIOFRIENDLY CORPORATION, | |
| Defendant. | |

CONSENT DECREE

MICHAEL T. STOLLER
California Bar No: 120241
E-Mail: mtsapc@yahoo.com
5747 Hoback Glen Road
Hidden Hills, California 91302
Telephone: (818) 226-4040
Facsimile: (818) 226-4044

MICHAEL F. COLE
D.C. Bar No: 462766
E-Mail: mcole@lawbc.com
LYNN BERGESON
D.C. Bar No: 320796
E-Mail: lbergeson@lawbc.com
Bergeson & Campbell, P.C.
1203 Nineteenth Street, NW
Suite 300
Washington, DC 20036
Telephone: (202) 557-3801
Facsimile: (202) 557-3836

Attorneys for Defendant

# TABLE OF CONTENTS

I.    JURISDICTION AND VENUE ............................................... 1

II.   PARTIES BOUND ............................................................ 2

III.  DEFINITIONS ............................................................... 3

IV.  CIVIL PENALTY ........................................................... 4

V.    INTEREST AND STIPULATED PENALTIES ................................ 5

VI.  RETENTION OF RECORDS ............................................... 7

VII.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ................... 8

VIII. COSTS ..................................................................... 9

IX.  NOTICES AND SUBMISSIONS ........................................... 9

X.    RETENTION OF JURISDICTION ........................................ 10

XI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................ 10

XII. EFFECTIVE DATE ........................................................ 11

XIII. SIGNATORIES / SERVICE ............................................... 11

XIV. INTEGRATION ........................................................... 11

XV. FINAL JUDGMENT ...................................................... 12

WHEREAS, Plaintiff, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action concurrently with this Consent Decree pursuant to Section 211(d) of the Clean Air Act, as amended, 42 U.S.C. § 7545(d), against Defendant, Biofriendly Corporation ("Biofriendly"), for alleged violations of Section 211(b) of the Clean Air Act, as amended, 42 U.S.C. § 7545(b), and its implementing regulations at 40 C.F.R. Part 79, concerning fuel additives and fuels containing additives, which are manufactured, processed, sold, offered for sale, and/or introduced into commerce;

WHEREAS, Defendant does not admit liability to the United States arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, the United States and Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, settlement of this matter will avoid litigation between the Parties, and this Consent Decree is fair, reasonable, and in the public interest;

THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED AS FOLLOWS:

## I.   JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and the parties pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and Sections 205 and 211 of the Clean Air Act, 42 U.S.C. §§ 7524 and 7545, and also has personal jurisdiction over Defendant. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1395(a) and pursuant to Sections 205 and 211 of the Clean Air Act, 42 U.S.C. §§ 7524 and 7545, because the violations set forth in the Complaint are alleged to have occurred in this District and Defendant's principal place of business is located within this District.

2. This Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or effectuating or enforcing compliance with the terms of this Decree. Solely for purposes of this Consent Decree and the underlying Complaint, Defendant waives all objections and defenses it may have to jurisdiction of this Court and venue in this District. Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree. For purposes of the Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Sections 205 and 211 of the Clean Air Act, 42 U.S.C. §§ 7524 and 7545.

## II. PARTIES BOUND

3. This Consent Decree is binding upon the United States and upon Defendant, Biofriendly, its successors, and assigns, and any other entities or persons otherwise bound by law. No transfer or change in ownership or corporate or other legal status of Defendant, including but not limited to any transfer of assets or real or personal property, shall relieve the status or responsibilities of Defendant under this Consent Decree.

4. Defendant shall provide a copy of this Consent Decree to all officers, directors, employees, agents, contractors, or any other entities or persons bound by law whose duties might reasonably include compliance with any provisions of this Consent Decree.

5. In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of its officers, directors, employees, agents, contractors, or any other entities or persons otherwise bound by law, to take any actions necessary to comply with the provisions of this Consent Decree.

### III.   DEFINITIONS

6.   Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in the Clean Air Act or regulations promulgated pursuant to the Clean Air Act shall have the meanings assigned to them under that Act or such regulations.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

"Act" shall mean the Clean Air Act, as amended, 42 U.S.C. §§ 7401 et seq.

"Complaint" shall mean the complaint filed by the United States against Defendant in this action.

"Consent Decree" or "Decree" shall mean this Consent Decree.

"Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

"Defendant" shall mean Biofriendly Corporation ("Biofriendly"), a Nevada corporation, whose principal place of business is located at 1655 West Industrial Park Street, Covina, California 91722.

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date of entry of this Consent Decree as provided in Section XII.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities.

"Interest" shall mean interest at the rate specified for debts owed to departments or agencies of the United States pursuant to 28 U.S.C. § 1961.

"Paragraph" shall mean a portion of this Consent Decree identified by arabic numeral.

"Parties" shall mean the United States and Defendant.

"Section" shall mean a portion of this Consent Decree identified by a roman numeral.

"United States" means the United States of America, acting on behalf of EPA.

## IV.   CIVIL PENALTY

7.    Defendant, Biofriendly, shall pay to the United States a civil penalty of one million two hundred and fifty thousand dollars ($1,250,000.00) ("Settlement Amount") together with Interest in accordance with the payment provisions set forth in this Section.  Payments shall be due and owing to the United States as follows:

(a) within thirty (30) days of the Effective Date of this Consent Decree, Defendant shall pay the sum of one hundred and twenty-five thousand dollars ($125,000.00) together with Interest on the Settlement Amount, with such Interest accruing from the Effective Date of the Consent Decree through the date of payment;

(b) within one year of the date of payment set forth in subparagraph 7(a), Defendant shall pay the sum of four hundred and twenty-five thousand dollars ($425,000.00) together with Interest on the one million one hundred and twenty-five thousand dollar ($1,125,000.00) outstanding Settlement Amount balance, with such Interest accruing from the date of the last payment through the date of payment;

(c) within two years after the date of payment set forth in subparagraph 7(a), Defendant shall pay the sum of seven hundred thousand dollars ($700,000) together with Interest on the seven hundred thousand dollar ($700,000) Settlement Amount balance, with such Interest accruing from the date of the last

payment through the date of payment.

8.     Payments shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written EFT instructions to be provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the Central District of California following the Effective Date of this Consent Decree.  In accordance with Section IX (Notices and Submissions), at the time of each payment, Defendant shall send a copy to DOJ and EPA, of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that payment is for the civil penalty owed pursuant to this Consent Decree.  Such written notice also shall reference the DOJ case number 90-5-2-1-09094, the civil action number assigned to this case by the Court, and a statement of the calculation of the Interest on each payment.

9.     Defendant shall not deduct any civil or stipulated penalties paid pursuant to this Section or Paragraph 11 of Section V (Interest and Stipulated Penalties) in calculating its federal income tax.

## V.     INTEREST AND STIPULATED PENALTIES

10.    <u>Interest on Late Payments</u>.  Should Defendant fail to make payments as required under Section IV (Civil Penalty), Paragraph 7, Interest shall continue to accrue on the unpaid balance through the date of payment.

11.    <u>Stipulated Penalties</u>.

(a) Should Defendant fail to make a payment when due, as required under Section IV(Civil Penalty), Paragraph 7, Defendant shall be in violation of this Consent Decree and subject to stipulated penalties.  In addition to Interest assessed on any late payment as set forth in Paragraph 10 of this Section, Defendant shall be subject to stipulated penalties per violation per day that such payment is late in the following amounts:

| Period of Failure to Comply | Penalty Per Violation Per Day |
|---|---|
| 1st through 15th day | $1,000 |
| 16th through 30th day | $2,000 |
| 31st day and beyond | $3,000 |

Stipulated penalties shall begin accruing on the day after payment is due, and shall continue to accrue through the date of payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations under this Consent Decree.  Stipulated penalties shall accrue regardless of whether EPA or DOJ has notified Defendant of a violation or made a demand for payment of a violation, but need only be paid upon demand.

(b) Stipulated penalties shall be paid within thirty (30) days of the date of the demand for such penalties by EPA or DOJ.  If such penalties are not paid in full within thirty days of demand, Defendant shall owe Interest on unpaid stipulated penalties from the thirtieth day (30th) day after demand through the date of payment. The payment of stipulated penalties (including accrued Interest on such stipulated penalties) shall be identified as "stipulated penalties" and reference the name and address of Defendant, DOJ case number 90-5-2-1-09094, and the civil action number assigned to this case by the Court.  Stipulated penalties shall be paid to the U.S. Department of Justice in accordance with instructions provided by the Financial Litigation Unit of the U.S. Attorney's Office for the Central District of California.  In accordance with Section IX (Notices and Submissions), Defendant shall provide written notice to DOJ and EPA within seven (7) days of payment of stipulated penalties, and such notice shall include a statement showing the calculation of Interest included in any such payment.  Payment of stipulated penalties shall not excuse Defendant from payment as required by Section IV (Civil Penalty), Paragraph 7, or from performance of any other requirements of this

Consent Decree.

(c) The United States may, in its unreviewable discretion, reduce or waive any portion of stipulated penalties otherwise due under this Section.

(d) Subject to the provisions of Section VII (Effect of Settlement/Reservation of Rights), stipulated penalties provided for in this Section shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of provisions of this Consent Decree or other applicable law.

## VI.   RETENTION OF RECORDS

12. Until three (3) years after the Effective Date of this Consent Decree or the date upon which Defendant completes all obligations under this Consent Decree, whichever comes later, Defendant shall preserve and retain all records and documents now in its possession or control, or which come into its possession or control, that relate in any manner to the claims alleged in the underlying Complaint or to Defendant's performance of the requirements of this Consent Decree, regardless of any corporate or institutional retention policies or procedures to the contrary.

13. Upon request by EPA or DOJ, Defendant shall deliver any such records or documents to EPA or DOJ.  Defendant may produce such documents in keeping with the confidential business information protections afforded by federal law.  Defendant also may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendant asserts such a privilege, it shall provide EPA and DOJ with the following information: 1) the title of the document, record, or information; 2) the date of the document, record, or information; 3) the name and title of the author of the document, record, or information; 4) the name and title of

each addressee and recipient; 5) a description of the subject of the document, record, or information; and 6) the privilege asserted. However, no documents, reports, or other information created or generated pursuant to the requirements of this or any other Consent Decree with the United States shall be withheld on the grounds that they are privileged. If a claim of privilege applies only to a portion of a document, the document shall be provided to the United States in a redacted form to mask the privileged information only. Defendant shall retain all records and documents that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim before this Court and any such dispute has been resolved in Defendant's favor.

## VII.   EFFECT OF SETTLEMENT/ RESERVATION OF RIGHTS

14.   Defendant's complete performance of all obligations under this Consent Decree shall resolve its civil liability for the violations alleged in the underlying Complaint through the date of lodging of this Consent Decree.

15.   In the event Defendant does not completely perform all obligations under this Consent Decree, the United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree and reserves the right to institute proceedings in this action or in a new action with respect to claims set forth in the Complaint. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Clean Air Act or its implementing regulations, or seek relief under any other federal laws, regulations, or permits, except as expressly specified in Paragraph 14.

16.   This Consent Decree does not alter or relieve Defendant of the responsibility to comply with the Clean Air Act, 42 U.S.C. §§ 7401 et seq., or any other federal, state, or local laws, regulations, or permit conditions. Defendant is responsible for achieving and maintaining complete compliance with all applicable

federal, state, and local laws, regulations, and permits.  Compliance with this Consent Decree shall not be a defense to any action commenced pursuant to such laws or regulations, except as provided in Paragraph 14.

## VIII.  COSTS

17.   The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action to enforce this Consent Decree and/or to collect any portion of the civil penalty, Interest, or stipulated penalties due but not paid by Defendant.

## IX.  NOTICES AND SUBMISSIONS

18.   Unless otherwise specified herein, whenever notifications, submissions, or communications are required pursuant to this Consent Decree, they shall be provided in writing and addressed as follows:

As to the United States:

For the Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Re: DOJ # 90-5-2-1-09094 (Att: Elizabeth F. Kroop, Esq.)
Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611

For the Environmental Protection Agency:

Director
Air Enforcement Division (2242A)
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC   20460

Marcia S. Ginley, Attorney
U.S. Environmental Protection Agency
OECA/AED/Western Field Office (8MSU)
1595 Wynkoop Street
Denver, CO   80202

<u>As to Biofriendly Corporation</u>:

Michael T. Stoller, Esq.
5747 Hoback Glen Road
Hidden Hills, California 91302

Robert W. Carroll
Biofriendly Corporation
1665 West Industrial Park Street
Covina, CA 91722

Any Party may, by written notice to the other Party, change its designated notice recipient or notice address provided above.

19.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or so provided by mutual written agreement of the Parties.

## X.     <u>RETENTION OF JURISDICTION</u>

20.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XI.     <u>LODGING AND OPPORTUNITY FOR PUBLIC COMMENT</u>

21.      This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if comments are received that disclose facts or considerations indicating the Consent Decree is inappropriate, improper, or inadequate.  Defendant consents to entry of the Consent Decree without further notice.

22.      If for any reason this Court should decline to approve the Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XII. EFFECTIVE DATE

23. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## XIII. SIGNATORIES/SERVICE

24. Each undersigned representative of Defendant and the Department of Justice Assistant Attorney General for the Environment and Natural Resources Division certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents.

25. Defendant agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

26. Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth within Federal Rules of Civil Procedure 4 and 5 and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XIV. INTEGRATION

27. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied herein and supercedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

## XV. FINAL JUDGMENT

28. Upon approval and entry of this Consent Decree by the Court, the Consent Decree shall constitute the final judgment of the Court as to the United States and Defendant, Biofriendly, in this matter. The Court finds there is no just reason for delay and therefore enters this judgment as final judgment under Federal Rules of Civil Procedure 54 and 58.

February 11, 2009

*S. James Otero*
_____
UNITED STATES DISTRICT JUDGE

- 12 -

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Biofriendly Corporation</u>:

FOR THE UNITED STATES OF AMERICA:

Date: _____

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Date: _____

ELIZABETH F. KROOP
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
Telephone: (202)-514-5244
Facsimile: (202)-514-2583
Elizabeth.Kroop@usdoj.gov

- 13 -

Date: _____                    _____
                                GRANTA Y. NAKAYAMA
                                Assistant Administrator
                                Office of Enforcement and Compliance Assurance
                                U. S. Environmental Protection Agency
                                1200 Pennsylvania Avenue, NW
                                Washington, DC 20460


Date: _____                    _____
                                WALKER B. SMITH
                                Director, Office of Civil Enforcement
                                Office of Enforcement and Compliance Assurance
                                U.S. Environmental Protection Agency


Date: _____                    _____
                                ADAM M. KUSHNER
                                Director, Air Enforcement Division
                                Office of Enforcement and Compliance Assurance
                                U.S. Environmental Protection Agency


Date: _____                    _____
                                MARCIA S. GINLEY
                                Attorney, Air Enforcement Division
                                United States Environmental Protection Agency
                                OECA/AED/Western Field Office (8MSU)
                                1595 Wynkoop Street
                                Denver, CO  80202

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. Biofriendly Corporation</u>:

FOR BIOFRIENDLY CORPORATION:

Date: _____

ROBERT W. CARROLL
Biofriendly Corporation
1665 West Industrial Park Street
Covina, CA 91722
Telephone: (629)-859-5000
Facsimile: (629)-915-1454
E-Mail: BobW@Biofriendly.com

Date: _____

MICHAEL T. STOLLER
5747 Hoback Glen Road
Hidden Hills, California 91302
Telephone: (818) 226-4040
Facsimile: (818) 226-4044
E-Mail: mtsapc@yahoo.com

Agent Authorized to Accept Service on Behalf of Above Party

- 15 -